# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-0835
Lower Tribunal No. 2018-CF-002599

_____

HOPE MICHELLE GREEN,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the Circuit Court for Charlotte County.
Donald H. Mason, Judge.

December 20, 2024

LAMBERT, B.D., Associate Judge.

Hope Michelle Green appeals her judgment and sentence for trafficking in methamphetamine, 28 grams or more but less than 200 grams, and possession of drug paraphernalia.[1] Green tendered an open, nolo contendere plea to these charges, with an express reservation of the right to appeal the trial court's denial of her dispositive amended motion to suppress evidence seized by law enforcement during

---

[1] This case was transferred from the Second District Court of Appeal to this Court on January 1, 2023.

a warrantless search conducted during a traffic stop. Green argues that the trial court erred in not suppressing the evidence because the deputies unlawfully prolonged the traffic stop to allow a drug-detection dog to sniff the exterior of her vehicle.

Concluding that competent substantial evidence from the hearing held on Green's suppression motion supports the trial court's factual findings that the dog sniff was performed within approximately five minutes of the initiation of the traffic stop and the investigating officer had not yet written the traffic violation warning— and based on its conclusion from these facts, which we review de novo, that the search was not unlawful—we affirm. *See Flowers v. State*, 290 So. 3d 642, 644 (Fla. 1st DCA 2020) (rejecting the defendant's argument that the search of his vehicle was unlawful because the law enforcement officer unreasonably prolonged the traffic stop to conduct a dog sniff of the vehicle when the dog sniff occurred within twelve minutes of the stop and the investigating officer had not yet written the traffic citation).

Green separately challenges a clerical error in the written cost judgment that assessed the sum of $1,100 for the costs of prosecution under section 938.27(8), Florida Statutes (2018), when the trial court's oral pronouncement during sentencing assessed this cost at $100. The State has properly conceded error, with which we

agree.[2]

Accordingly, we affirm Green's judgment and sentence, but remand for the entry of an amended costs final judgment that corrects this clerical error. Green need not be present for this ministerial correction.

AFFIRMED; REMANDED with instructions.

STARGEL and WOZNIAK, JJ., concur.

Howard L. "Rex" Dimmig, II, Public Defender, and A. Victoria Wiggins, Assistant Public Defender, Bartow, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Wendy Buffington, Senior Assistant Attorney General, Tampa, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED

---

[2] Green preserved this error for appellate review with a timely filed Florida Rule of Criminal Procedure 3.800(b)(2) motion. The motion was deemed denied when no order was entered within sixty days of the motion being filed. *See Summerson v. State*, 374 So. 3d 898, 899 (Fla. 6th DCA 2023).